UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JENNIFER CRANE, individually, and
JEFFREY CRANE, individually,

    Plaintiffs,

v.

CITY OF ROY, a Washington municipality,
JON HOLDAM, in his official and individual
capacity, and RICO ROWE, in his official and
individual capacity,

    Defendants.

Case No. C08-05156 RJB

ORDER ON DEFENDANT
CITY OF ROY'S MOTION
TO DISMISS FEDERAL
CLAIMS IN LIGHT OF
THE COURT'S
SEPTEMBER 22, 2008
RULING

This matter comes before the Court on Defendant City of Roy's Motion to Dismiss Federal Claims in Light of the Court's September 22, 2008 Ruling (Dkt. 72), and the City's motion to strike the final seven pages of Exhibit B to the Declaration of Jennifer Crane and purge the documents from its files or, in the alternative, seal these documents (Dkt. 82). The Court has considered the relevant documents and the remainder of the file herein.

## I.     FACTUAL AND PROCEDURAL HISTORY

This civil rights action was filed in Pierce County, Washington Superior Court on February 6, 2008, and was removed to this Court on March 17, 2008. Dkt. 1. Plaintiffs allege that the Defendant City of Roy police officers, Jon Holdam and Rico Rowe, along with Plaintiff Jennifer Crane's ex-husband Terry Brown, (who is not a party), included false information in an official police report of child abuse. Dkt. 69, at 9. The information that Plaintiffs allege was falsely included in the reports was that the purported child

abuse victim had obvious bruising on his neck and throat. Dkt. 1, at 9-10. Plaintiffs allege that Terry Brown previously served as a City of Roy police officer, and that the named Defendant police officers included false information in the report in order to help Mr. Brown get custody of his children. *Id.*, at 10. Plaintiffs allege that the City allowed Mr. Brown access to the police department's records and allowed him to use their computers to run vehicle registration searches on Plaintiff Jeffrey Crane's vehicle. *Id.*

Plaintiffs' federal claims against the individual Defendants, Holdam and Rowe, were dismissed on September 22, 2008. Dkt. 71. Plaintiffs remaining claims are their federal claims against the City, brought pursuant to 42 U.S.C. § 1983, and state law claims. Dkt. 69 at 5-10.

The relevant events regarding the purported child abuse report are related at length in the Order on Defendant Rowe's Motion Re: Immunity and on Defendant Holdam's Motion for Summary Judgment (Dkt. 71) and are hereby adopted by reference.

Plaintiffs make additional allegations against the City of Roy. They state that after Jeff and Jennifer Crane began dating in 2003, the City of Roy Police Department allowed Terry Brown to access their computers to run the license plate belonging to Jeffrey Crane. Dkt. 46, at 3. Plaintiffs state that they complained about the department's actions, but nothing was done. *Id.*

### B. PENDING MOTIONS

The City of Roy moves for summary dismissal of the claims brought against it pursuant to 42 U.S.C. § 1983. Dkt. 72. The City argues that where the City's actors did not cause an alleged Constitutional violation, Plaintiff's claims against the City should be dismissed. *Id.* (*citing Quintanilla v. City of Downey,* 84 F.3d 353, 355 (9th Cir. 1996)).

Plaintiffs respond on October 13, 2008, arguing that: 1) the United States Constitution protects relationship beyond merely married couples and biological children, 2) there is no state interest in issuing false claims of abuse for the purpose of disturbing a family unit, and 3) Defendants caused Plaintiffs' injuries. Dkt. 76.

Defendant Rowe and Defendant Holdam file replies, arguing that Plaintiffs' response is a rehashing of the prior order. Dkts. 80-81. The City, joined by the other Defendants, point out that Plaintiffs do not rebut the City's argument that it is not liable for § 1983 damages where an individual state actor, acting pursuant to the policy, did not inflict a constitutional harm. Dkts. 80-82. The City argues that the federal

claims against it should be dismissed. Dkt. 82.

In its Reply, the City moves to strike the final seven pages of Exhibit B to the Declaration of Jennifer Crane (Dkt. 78), have them "purged" from the Court file, or in the alternative, sealed pursuant to Civ. R. Fed. P. 5(g)(2). Dkt. 82. The Court does not have a procedure to "purge" documents from its files, so it will construe this motion as a motion to strike the subject pleadings and/or to seal them.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."); *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and

missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### B. FEDERAL CONSTITUTIONAL CLAIMS AGAINST THE CITY OF ROY

In order to set forth a claim against a municipality under 42 U.S.C. § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). The municipal action must be the moving force behind the injury of which plaintiff complains. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 405 (1997). A municipality can not be held liable under § 1983 where no constitutional violation has occurred. *Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001) .

#### 1. Child Abuse Reports

This Court has already ruled on whether Plaintiffs provided sufficient evidence that their constitutional rights were violated by the individually named Defendants' issuance of the reports, and even if the named Defendants had violated Plaintiffs' rights, whether the Defendants were entitled to qualified immunity. Dkt. 71. This Court held that Plaintiffs failed to show that their constitutional rights had been violated, or that individual Defendants caused such a violation, and even if a violation had occurred, the named Defendants were entitled to qualified immunity. *Id.* This Order hereby adopts the findings and reasoning of the prior September 22, 2008 order (Dkt. 71).

Plaintiffs do not dispute that a municipality can not be held liable under § 1983 where no constitutional violation has occurred. Instead, Plaintiffs, in their Response, again argue that Plaintiff Jeffrey Crane had a constitutional right of intimate association with Plaintiff Jennifer Crane and with her children. Dkt. 76, at 6-8. As to whether the individual Defendants' action caused a violation of Plaintiffs' constitutional rights to family unity and intimate association, Plaintiffs argue that Terry Brown and the attorney representing him in post dissolution proceedings used the police reports in order to seek a change in the visitation schedule. Dkt. 76, at 3-4. The remaining alleged injuries that Plaintiffs argue were caused by the named Defendants were addressed in the Court's prior order. Dkt. 71. Although Plaintiffs do not specifically identify them as such, the Court will treat the arguments regarding Plaintiff Jeffrey Crane's rights and whether the individually named Defendants caused violations of Plaintiffs' constitutional rights

as a Motion for Reconsideration of the Court's September 22, 2008 order.

Local Fed. R. Civ. P. 7 (h) provides:

(1) Standard. Motions for Reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

(2) Procedure and Timing. A motion for reconsideration shall be plainly labeled as such. The motion shall be filed within ten judicial days following the order to which it relates. The motion shall be noted for consideration for the day it is filed. The motion shall point with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the courts' attention for the first time, and the particular modifications being sought in the courts' prior ruling. Failure to comply with this subsection may be grounds for denial of the motion.

To the extent Plaintiffs move for reconsideration of the September 22, 2008 order, the motion should be denied on the merits and for failure to comply with proper procedure. Plaintiffs make no showing of a manifest error in the prior ruling or of new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Plaintiffs restate their position regarding whether Plaintiff Jeffrey Crane has a constitutional right to intimate association with Jennifer Crane and her children. These issues were discussed at length in the prior order, and Plaintiffs have failed to make the necessary showing to justify a change in the Court's prior rulings.

Plaintiffs argue that the police reports were used as part of the pleadings given in July of 2005 to the Pierce County Superior Court to modify the children's visitation schedule, and thus were the cause of further separation of Plaintiffs from the children after the ex parte restraining order was lifted. Plaintiff did not explain how the order changed the visitation schedule, and whether it resulted in greater visitation time for Terry Brown. In any event, the record indicates that the Pierce County Superior Court modified the visitation schedule on July 18, 2005, (Dkt. 77, at 18), and on the same day, vacated the ex parte restraining order against Jeffrey Crane, permitting him to again have contact with L.B. (Dkt. 46, at 113). Plaintiffs have failed to show that the individual Defendants actions caused a violation of their constitutional rights. The fact that the Superior Court lifted the restraining order against Jeffrey Crane the same day it changed the visitation schedule, is at odds with Plaintiffs' assertions that the reports persuaded the Superior Court to act to separate Plaintiffs from the children. To the extent that Plaintiffs move for reconsideration of the September 22, 2008 order, it should be denied. Plaintiffs' motion for reconsideration should also be denied for failure to comply with the procedural requirements of Local Fed. R. Civ. P. 7 (h). This motion was not

plainly labeled or timely.

### 2. Review of License Plate Records

Plaintiffs complain that the City of Roy Police Department allowed Terry Brown to access their computers to run the license plate belonging to Plaintiff Jeffrey Crane. Dkt. 76, at 2. Assuming for purposes of this motion, that this action did occur, Plaintiffs fail to identify which constitutional right was violated by this action, point to any policy or custom that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell,* at 690-91. Moreover, Plaintiffs fail to name any individual defendant involved. Plaintiffs' federal constitutional claims against the City, based upon this event, should be dismissed.

### 3. Conclusion

Defendant City of Roy's motion to summarily dismiss Plaintiffs' federal claims against it should be granted. Plaintiffs have failed to make the required showing.

### C. MOTION TO STRIKE AND/OR SEAL

The City of Roy moves to strike the final seven pages of Exhibit B to the Declaration of Jennifer Crane (Dkt. 78, at 16-22), and/or seal the documents pursuant to Civ. R. Fed. P. 5(g)(2). Dkt. 82. This order will first address whether these pleadings should be stricken.

Fed. R. Civ. P. 56 (e) provides that

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit.

The first document is a letter purportedly from the City's insurance company to the City of Roy Mayor and City Council. Dkt. 78, at 16. It is not relevant to the current motion and should be stricken. The next page appears to be a cover letter to the City of Roy from City of Roy Attorney, Harry R. Boesche, Jr. Dkt. 17, at 22. It is also not relevant to the instant motion and should be stricken. The next two pages purport to be an email from the City of Roy's Attorney, Harry R. Boesche, Jr., to the then Mayor and Chief of Police. Dkt. 78, at 18-19. This pleading contains hearsay, there is no showing that he had personal knowledge of the event which are related therein. The pleading is of questionable relevance, and a proper foundation has not been laid for its admittance. It should be stricken. The next two pages appear to be a letter from the City of Roy's Attorney, Harry R. Boesche, Jr., to Eileen Lawrence at Davis

Grimm Payne & Marra, a Seattle law firm. Dkt. 78, at 20-21. This pleading also contains hearsay, is of questionable relevance, and a proper foundation has not been laid for its admittance. It should be stricken. The final page is an email purporting to be from the Chief of Police, John C. Hawk, to the City of Roy's Attorney, Harry R. Boesche, Jr. Dkt. 78, at 22. It is of questionable relevance. *Id.* While the pleading does indicate that the Chief of Police did not think an investigation was warranted, his recommendation was not followed by the City Council and was not a ratification of the officers' acts. *Id.* Secondly, it contains hearsay. Accordingly, it should be stricken. Defendants' motion to strike the final seven pages of Exhibit B to the Declaration of Jennifer Crane (Dkt. 78, at 16-22) should be granted.

In determining whether to seal these pleadings, the Court is mindful that Local Fed. R. Civ. P. 5 (g)(1) states that "[t]here is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review." Local Fed. R. Civ. P. 5 (g) (2) further provides that, "[t]he court may order the sealing of any files and records on motion of any party, on stipulation and order, or on the court's own motion. . . . The law requires, and the motion and the proposed order shall include, a clear statement of the facts justifying a seal and overcoming the strong presumption in favor of public access."

In the interests of due process, Plaintiffs should have an opportunity to respond to the motion to seal the final seven pages of Exhibit B to the Declaration of Jennifer Crane (Dkt. 78, at 16-22). Plaintiffs' response, if any, should be filed by November 3, 2008, and be no more than 5 pages. Defendants' reply, if any, should be filed by November 7, 2008, and be no more than 3 pages. The motion to seal these documents should be noted for November 7, 2008.

**D.      SUPPLEMENTAL JURISDICTION**

Pursuant to 28 U.S.C. § 1367 (c), district courts may decline to exercise supplemental jurisdiction over state law claims if (1) the claims raise novel or complex issues of state law, (2) the state claims substantially predominate over the claim which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in §

1367 (c), it is informed by the values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997)(*internal citations omitted*).

Here, two of the four conditions in § 1367 (c) are present. As above, all Plaintiffs' remaining federal claims are dismissed by this order. Accordingly, this Court has "dismissed all claims over which it has original jurisdiction," and so has discretion to decline to exercise supplemental jurisdiction over the state law claims under § 1367(c)(3). Moreover, the remaining state claims "raise novel or complex issues of state law" under § 1367(c)(1). For example, in order to determine whether Plaintiff's negligence claims survive summary judgment, this Court may have to determine whether the making and filing of an intentionally false child abuse report would be a common law tort, where the state statute sets the standard of ordinary care under a negligence theory. This is a determination for which the state court is uniquely suited. Because state courts have a strong interest in enforcing their own laws, *See Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 352 (1988), the value of comity is served by this Court declining jurisdiction. Moreover, the values of economy and convenience are also served by remanding this matter to the state court. Plaintiffs plead some novel theories under state law, some of which may have potentially required this Court to certify a question to the Washington State Supreme Court. Overall, the values of economy, convenience, and comity will be served by this Court's declining to exercise supplemental jurisdiction. *See Acri* at 1001. Accordingly, this Court should remand this case to Pierce County Superior Court with the following exception: this Court should retain supplemental jurisdiction solely of the question of whether the final seven pages of Exhibit B to the Declaration of Jennifer Crane (Dkt. 78, at 16-22) should be sealed in this Court's files.

### III. ORDER

Therefore, it is hereby, **ORDERED** that:

- Defendant City of Roy's Motion to Dismiss Federal Claims in Light of the Court's September 22, 2008 Ruling (Dkt. 72), is **GRANTED**;
- Plaintiffs' federal claims against the City of Roy **ARE DISMISSED**;
- Defendant City of Roy's motion to strike the final seven pages of Exhibit B to the Declaration of Jennifer Crane (Dkt. 82) is **GRANTED**;
- Defendant City of Roy's motion to seal the final seven pages of Exhibit B to the Declaration of

1 | Jennifer Crane (Dkt. 82) is **RENOTED** to **NOVEMBER 7, 2008**,

2,3 | • Plaintiffs' response to the motion to seal, if any, should be filed by November 3, 2008, and be no more than 5 pages,

4,5 | • Defendants' reply, if any, should be filed by November 7, 2008, and be no more than 3 pages;

6-8 | • This matter is **REMANDED** to Pierce County Superior Court with the following exception: this Court will retain supplemental jurisdiction solely of the question of whether the final seven pages of Exhibit B to the Declaration of Jennifer Crane (Dkt. 78, at 16-22) should be sealed; and

9,10 | • The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

11 | DATED this 27th day of October, 2008.

_(signature)_
ROBERT J. BRYAN
United States District Judge