UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JENNIFER CRANE, individually, and
JEFFREY CRANE, individually,

Plaintiffs,

v.

CITY OF ROY, a Washington municipality,
JON HOLDAM, in his official and individual
capacity, and RICO ROWE, in his official and
individual capacity,

Defendants.

Case No. C08-05156 RJB

ORDER ON PLAINTIFFS'
MOTION FOR
RECONSIDERATION
AND DEFENDANT CITY
OF ROY'S MOTION TO
SEAL

This matter comes before the Court on Plaintiffs' Motion for Reconsideration (Dkt. 85) and Defendant City of Roy's Motion to Seal the Final Seven Pages of Exhibit B to the Declaration of Jennifer Crane (Dkt. 82). The Court has considered the relevant documents and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL HISTORY

This civil rights action was filed in Pierce County, Washington Superior Court on February 6, 2008, and was removed to this Court on March 17, 2008. Dkt. 1. Plaintiffs allege that the Defendant City of Roy police officers, Jon Holdam and Rico Rowe, along with Plaintiff Jennifer Crane's ex-husband Terry Brown, (who is not a party), included false information in an official police report of child abuse. Dkt. 69, at 9. The information that Plaintiffs allege was falsely included in the reports was that the purported child abuse victim had obvious bruising on his neck and throat. Dkt. 1, at 9-10. Plaintiffs allege that Terry Brown previously served as a City of Roy police officer, and that the named Defendant police officers

included false information in the report in order to help Mr. Brown get custody of his children. *Id.*, at 10. Plaintiffs allege that the City allowed Mr. Brown access to the police department's records and allowed him to use their computers to run vehicle registration searches on Plaintiff Jeffrey Crane's vehicle. *Id.*

Plaintiffs' federal claims against the individual Defendants, Holdam and Rowe, were dismissed on September 22, 2008. Dkt. 71. Plaintiffs' federal claims against the City were dismissed on October 27, 2008 and the matter was remanded to Pierce County Washington Superior Court, with the Court retaining jurisdiction solely on the City's Motion to Seal (Dkt. 82) in order to allow further briefing. Dkt. 83.

The relevant events are related at length in the Order on Defendant Rowe's Motion Re: Immunity and on Defendant Holdam's Motion for Summary Judgment (Dkt. 71) and the Order on Defendant City of Roy's Motion to Dismiss Federal Claims in Light of the Court's September 22, 2008 Ruling (Dkt. 83) and are hereby adopted by reference.

**B.  PENDING MOTIONS**

Plaintiffs move for reconsideration of the October 27, 2008 order dismissing the federal claims against the City. Dkt. 85. Plaintiffs argue that the Court improperly styled the Plaintiff's response to the City of Roy's motion for summary judgment as a motion for reconsideration of the order dismissing the individually named Defendants, thus holding them to a higher standard than is warranted when a party responds to a motion for summary judgment. *Id.* Plaintiffs argue that the Court should reconsider its prior order dismissing the claims against the City due to newly discovered evidence. *Id.*

In the Reply to the Response to the Motion to Dismiss Federal Claims in Light of the Court's September 22, 2008 Ruling, the City moves to seal the final seven pages of Exhibit B to the Declaration of Jennifer Crane (Dkt. 78). Dkt. 82. The documents at issue are discussed in the Order on Defendant City of Roy's Motion to Dismiss Federal Claims in Light of the Court's September 22, 2008 Ruling (Dkt. 83, at 6-7) and such description is adopted here by reference. The parties were given an opportunity to file a response and reply to the motion to seal. Dkt. 83.

Plaintiffs respond and argue that the documents were provided by the Washington State Patrol in response to a records request issued by Ms. Crane pursuant to Washington's Public Records Act. Dkt. 84. Plaintiffs argue that the documents are not protected by any privilege because the City waived attorney client or work product privilege by producing the documents to the Washington State Patrol. *Id.*

The City replies, arguing that the documents should be sealed as it has not waived attorney client or work product privilege. Dkt. 87.

This opinion will first address the Motion for Reconsideration (Dkt. 85) and then the City's Motion to Seal the Final Seven Pages of Exhibit B to the Declaration of Jennifer Crane (Dkt. 82).

## II. <u>DISCUSSION</u>

### A. MOTION FOR RECONSIDERATION

Local Fed. R. Civ. P. 7 (h) provides:

> (1) Standard. Motions for Reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.
> (2) Procedure and Timing. A motion for reconsideration shall be plainly labeled as such. The motion shall be filed within ten judicial days following the order to which it relates. The motion shall be noted for consideration for the day it is filed. The motion shall point with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the courts' attention for the first time, and the particular modifications being sought in the courts' prior ruling. Failure to comply with this subsection may be grounds for denial of the motion.

#### 1. <u>Use of Summary Judgment Standard</u>

Plaintiffs first argue that the Court failed to view the evidence they provided in response to the City's Motion for Summary Judgment under the proper standard, but rather viewed the evidence presented under the higher standard of a motion for reconsideration. Dkt. 85. In order to address this argument, this opinion first turns to the summary judgment standard and standard under § 1983 for municipal liability.

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."); *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence

supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

In order to set forth a claim against a municipality under 42 U.S.C. § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). The municipal action must be the moving force behind the injury of which plaintiff complains. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 405 (1997). A municipality can not be held liable under § 1983 where no constitutional violation has occurred. *Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001) .

The City argued in its motion for summary judgment that where the City's actors did not cause an alleged Constitutional violation, Plaintiff's claims against the City should be dismissed. Dkt. 72. (*citing Quintanilla v. City of Downey,* 84 F.3d 353, 355 (9th Cir. 1996)). In response, Plaintiffs did not dispute the law, but reargued that the named Defendants, in fact, caused violations of their constitutional rights. Dkt. 76. In the October 27, 2008 order, this Court noted that all but one of Plaintiffs' injuries alleged to be caused by the named Defendants was addressed in the September 22, 2008 order granting the individually named Defendants' motions for summary judgment. Dkt. 83. The October 27, 2008 order adopted the findings and reasoning of the September 22, 2008 order, including the holding that Plaintiffs failed to show that their constitutional rights had been violated, or that individual Defendants caused such a violation, and even if a violation had occurred, the named Defendants were entitled to qualified immunity. *Id.* The October 28, 2008 order then noted that Plaintiffs' raised a slightly new argument, which was that: "Terry Brown and the attorney representing him in post dissolution proceedings used the police reports in order to seek a change in the visitation schedule." *Id.* This argument was examined and rejected. Dkt. 83. The order stated,

> Plaintiffs argue that the police reports were used as part of the pleadings given in July of 2005 to the Pierce County Superior Court to modify the children's visitation schedule, and thus were the cause of further separation of Plaintiffs from the children after the ex parte restraining order was lifted. Plaintiff did not explain how the order changed the visitation schedule, and whether it resulted in greater visitation time for Terry Brown. In any event, the record indicates that the Pierce County Superior Court modified the visitation schedule

on July 18, 2005, (Dkt. 77, at 18), and on the same day, vacated the ex parte restraining order against Jeffrey Crane, permitting him to again have contact with L.B. (Dkt. 46, at 113). Plaintiffs have failed to show that the individual Defendants' actions caused a violation of their constitutional rights. The fact that the Superior Court lifted the restraining order against Jeffrey Crane the same day it changed the visitation schedule, is at odds with Plaintiffs' assertions that the reports persuaded the Superior Court to act to separate Plaintiffs from the children.

Dkt. 83.

The prior order's reasoning supports the following proposition, but in order to clarify it, the Court restates its finding and conclusion as follows: Plaintiffs' proffered evidence regarding the visitation schedule failed to show that there were issues of fact as to whether the named Defendants caused the alleged constitutional violations. In light of the fact that the Plaintiffs failed to carry their burden under Fed. R. Civ. P. 56 and did not show that the named Defendants caused the alleged constitutional violations, the City of Roy can not be held liable. *Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

Accordingly, to the extent that Plaintiffs move for reconsideration based upon the Court's failure to use the proper standard, the motion should be denied.

2. Newly Discovered Evidence

Plaintiffs move for reconsideration based, in part, on newly discovered evidence. Plaintiffs state,

[I]n this Court's October 27, 2008 order, there was reference to the obligation to prove an unconstitutional policy, procedure, training or supervision on behalf of the City of Roy. In opposing the City of Roy's motion for summary judgment, Plaintiffs were not yet in possession of the letter of reprimand and the evaluation of Defendant Holdam. These documents, when viewed in the light most favorable to the Plaintiffs, establish that the City of Roy Police Department was providing no oversight regarding Defendant Holdam's conduct and that Chief Hawk was ratifying and condoning the behavior of its officers with regard to the Cranes.

Dkt. 85, at 4-5.

Plaintiffs' motion for reconsideration based upon newly discovered evidence should be denied. The United States Supreme Court has held that in an action for damages, such as the one here, neither *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), nor any other case authorizes the award of damages against a municipal corporation based on the actions of one of its officers when a fact finder has concluded that the officer inflicted no constitutional harm. *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986). If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the complained of action "is quite beside

ORDER
Page - 5

the point." *Id.* Here, as was the case in *Heller,* Plaintiffs have failed to show that the individually named Defendants, Holdam and Rowe, caused the constitutional deprivations of which they complain. Chief of Police Hawk was not named in the Complaint, nor was Terry Brown. Accordingly, Plaintiffs' newly discovered evidence does not merit a reconsideration of the prior order.

### 3. Conclusion

Plaintiffs' motion for reconsideration should be denied. Plaintiffs have failed to show "manifest error in the prior ruling" or a showing of new relevant facts.

## B. MOTION TO SEAL

The City of Roy moves to seal the final seven pages of Exhibit B to the Declaration of Jennifer Crane (Dkt. 78, at 16-22), pursuant to Civ. R. Fed. P. 5(g)(2). Dkt. 82.

Local Fed. R. Civ. P. 5 (g)(1) states that "[t]here is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review." Local Fed. R. Civ. P. 5 (g) (2) further provides that, "[t]he court may order the sealing of any files and records on motion of any party, on stipulation and order, or on the court's own motion. . . . The law requires, and the motion and the proposed order shall include, a clear statement of the facts justifying a seal and overcoming the strong presumption in favor of public access."

Two standards generally govern motions to seal documents. *Pintos v. Pacific Creditors Ass'n,* 504 F.3d 792, 801 (9th Cir. 2008). A "compelling reasons" standard applies to most judicial records. *Id.* (*citing Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006)). "To limit this common law right of access, a party seeking to seal judicial records must show that compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure." *Id.* (*internal quotation marks and citations omitted*). On the other hand, "private materials unearthed during discovery" are not part of the judicial record. *Id.* "A different standard applies to that category, from Rule 26 (c) of the Federal Rules of Civil Procedure, which provides that a trial court may grant a protective order 'which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* The standard for purposes of "Rule 26 (c) is whether 'good cause' exists to protect the information from being disclosed to the public by balancing

the needs for discovery against the need for confidentiality." *Id.*

Here, the City has failed to show that it did not waive attorney client or work product privilege as these documents. Moreover, the City has not made the required showing under either standard. It has not shown "that compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure" here. *Pintos*, at 801. It has not shown that "good cause" exists "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* The City's motion to seal the final seven pages of Exhibit B to the Declaration of Jennifer Crane (Dkt. 78, at 16-22) should be denied.

**C. CONCLUSION**

As stated in the prior order, pursuant to 28 U.S.C. § 1367 (c), this Court declines to exercise supplemental jurisdiction over state law claims and this matter is remanded to the Pierce County Superior Court for further proceedings.

**III. ORDER**

Therefore, it is hereby, **ORDERED** that:

- Plaintiffs' Motion for Reconsideration (Dkt. 85) is **DENIED**;
- Defendant City of Roy's motion to seal the final seven pages of Exhibit B to the Declaration of Jennifer Crane (Dkt. 82) is **DENIED**;
- This matter is **REMANDED** to Pierce County Superior Court; and
- The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 13th day of November, 2008.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge